## GOLDBERG v. BLAINE.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

USURY (§ 117*)—USURIOUS TRANSACTIONS—EVIDENCE.

Where, in an action on a note for $251.30, defendant testified that plaintiff exacted $50 more than the legal rate of interest for the note, by deducting $7.50 from the amount advanced, and by receiving $17.50 in cash, and a note of defendant's son for $25, and the documentary evidence showed that plaintiff deducted $7.50, and that defendant paid plaintiff $27, and plaintiff denied that the usurious agreement was made, a finding for plaintiff for the amount claimed, less $27, must be set aside, on the ground that the court, in deducting $27 from plaintiff's claim, credited defendant's testimony as establishing the usurious agreement, necessitating a dismissal, notwithstanding the suggestion that the $27 was paid on account of a note given by defendant's son to a brother-in-law of plaintiff; the transactions between the parties not being a family affair.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 328–340; Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Meyer Goldberg against James Blaine.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Alex. B. Greenberg, of New York City, for appellant.
David Tim, of New York City, for respondent.

SEABURY, J.   This action was brought to recover $251.30 upon a promissory note made by the defendant and delivered to the plaintiff.   The defendant claimed, and offered evidence to prove, that the original note was tainted with usury, and that the note in suit was a renewal note.   The evidence adduced in support of the defendant's claim showed that the plaintiff exacted $50 more than the legal rate of interest for making the note.   The defendant claims that this $50 was to be paid in the following manner:   $7.50 to be deducted from the amount paid the borrower, $17.50 to be paid in cash, and a note of defendant's son for $25.   The documentary evidence in the case, which seems to be more convincing than the oral testimony, established that the plaintiff did deduct $7.50, and that the defendant did pay the plaintiff $27.   Upon this proof, the court below gave judgment for the plaintiff for the amount claimed, less $27.

The plaintiff denied that this usurious agreement was made, and, if the court below had rendered judgment for the plaintiff for the amount claimed, we should, in view of the unsatisfactory character of the defendant's testimony, be reluctant to disturb the judgment.   The difficulty in the case arises from the fact that the court, in deducting $27 from the amount of the plaintiff's claim, seems to

have credited at least enough of the defendant's testimony to es-
tablish a usurious agreement. If the $27 were paid for the loan
represented by the note in suit, the defense of usury was estab-
lished, and the complaint should have been dismissed. It is sug-
gested that the $27 were paid on account of a note given by de-
fendant's son to the brother-in-law of the plaintiff, and it was for
this reason that the court below deducted this amount from the
amount of the plaintiff's claim. Even if this be so, it would' not
justify the deduction· which the court made. The transaction be-
tween the parties involved the rights of this plaintiff and defend-
ant, and could not properly be treated as a family affair. Under
the circumstances disclosed, we think that the judgment cannot.
properly be affirmed, and that the action should be retried.

Judgment reversed, and new trial ordered, with costs to the ap-
pellant to·abide the event. All concur.